# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORY LEE NEWTON,<br><br>    Defendant. | No. CR99-0066<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the court pursuant to movant Gregory Newton's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket number 72).[1] This matter was referred to the undersigned United States Magistrate Judge for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned recommends that the movant's motion to vacate, set aside, or correct sentence be denied and this matter be dismissed.

## I. PROCEDURAL BACKGROUND

Defendant Gregory Newton (Mr. Newton) was charged in a two-count indictment. Count 1 charged Mr. Newton with possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The conduct charged in Count 1 is in violation of 21 U.S.C. § 841(a)(1). Count 2 charged that the conduct charged in Count 1 occurred after Mr. Newton had been convicted of

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. See also Daniels v. United States, 532 U.S. 374, 377 (2001).

felony drug offenses, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 851. The indictment was filed September 28, 1999 (docket number 13).

Trial in the United States District Court for the Northern District of Iowa commenced on April 18, 2000.[2] On April 19, 2000, the jury returned a verdict of guilty on Count 1 and Count 2 of the Indictment. On August 25, 2000, the court held a hearing on issues related to Mr. Newton's sentencing. Based on a total offense level of 34 and a criminal history category of VI, the court determined Mr. Newton's sentencing range to be between 262 to 327 months. The court sentenced Mr. Newton to 262 months imprisonment and 6 years of supervised release following imprisonment, and imposed a $100.00 assessment. The court entered judgment on August 31, 2000 (docket number 59).

Mr. Newton appealed his criminal conviction and sentence on August 31, 2000.[3] On appeal, Mr. Newton argued that (1) the district court erred in denying his motion to suppress because he did not voluntarily consent to the search of the vehicle he was driving at the time of his arrest; (2) the district court erred in allowing the testimony of Dennis Boyer because Mr. Newton's counsel did not learn of Mr. Boyer until the afternoon prior to trial, an alleged violation of the Jencks Act; (3) the district court erred in finding that Mr. Newton's prior conviction for involuntary manslaughter was a "crime of violence" for purposes of applying the career offender sentencing enhancement; and (4) the district court erred in finding that Mr. Newton's prior conviction for transportation of a controlled substance was a "controlled substance offense" for purpose of applying the career offender sentencing enhancement.[4] On August 9, 2001, the Eighth Circuit Court of Appeals affirmed Mr. Newton's conviction and sentence, holding that (1) Mr. Newton "voluntarily

---

[2] The Hon. Michael J. Melloy, formerly United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit Court of Appeals. Attorney Timothy McCarthy represented Mr. Newton throughout his trial.

[3] Timothy McCarthy also represented Mr. Newton during his appeal.

[4] United States v. Newton, 259 F.3d 964 (8th Cir. 2001).

consented to [the] search of his commercial truck, so that suppression of drugs and other evidence recovered from [the] truck was not warranted"; (2) the district court's admission of testimony by a government witness did not violate the Jencks Act; (3) Mr. Newton's "prior conviction for involuntary manslaughter was [a] 'crime of violence,' for [the] purpose of applying [the] career offender sentencing enhancement"; and (4) Mr. Newton's "prior conviction for transportation of controlled substance was [a] 'controlled substance offense,' for [the] purpose of applying [the] career offender sentencing enhancement."

Mr. Newton filed the instant motion on October 15, 2002 (docket number 72). In his 28 U.S.C. § 2255 motion, Mr. Newton raises several arguments challenging his conviction and sentence. In support of his motion to vacate, set aside, or correct sentence, Mr. Newton sets forth the following grounds:[5]

> [Claim 1:] [his] sentence is violative of his Sixth Amendment . . . right to effective assistance of counsel in the sentencing process . . . [because] [1] Counsel . . . did not point out and argue to the District Court at sentencing that United States v. Brown . . . had been superseded by the amended version of U.S.S.G. § 4B1.2 . . . [2] Counsel . . . did not cite United States v. Casarez-Bravo . . . in support of an argument that conviction for 'transportation' of a controlled substance . . . did not and does not support a Career Offender enhancement . . . [and] [3] Counsel could have but did not point out . . . that all charges against Mr. Newton . . . which would have supported enhancement for Career Offender were either dismissed and/or 'rejected' by the prosecutor . . . [and] as such Mr. Newton was not 'convicted' of [them] . . .

> [Claim 2:] [his] sentence is violative of his Sixth Amendment . . . right to effective assistance of counsel in the plea, trial, and sentencing process . . . [because] [1] prior to and during the plea process, [Mr. Newton's] counsel . . . did not fully inform himself and Mr. Newton as to all facts relevant to the determination whether to proceed to a jury trial or, instead, to

---

[5] The court notes that for purposes of analyzing Mr. Newton's claims, they will hereafter be referred to as Claims 1 through 3.

> move for a bench trial on stipulated facts . . . [2] Counsel . . . did not fully advise Mr. Newton as to the requirements for . . . 'acceptance of responsibility' . . . [3] Counsel . . . did not fully advise Mr. Newton that he could obtain appellate review of the denial of his motion to suppress, while still obtaining a reduction in his sentence . . . for acceptance of responsibility, by proceeding to a bench trial on stipulated facts . . . [4] Counsel . . . did not fully advise Mr. Newton that if he proceeded to a bench trial on stipulated facts he would not waive his right to raise any defenses at sentencing . . . [and] [5] Counsel . . . did not investigate case law . . . [or] the plain language of U.S.S.G. § 3E1.1, Commentary, Application Note 2 . . .
>
> [Claim 3:] [his] sentence is violative of his Sixth Amendment . . . right to effective assistance of counsel in the plea, trial, and sentencing process due to the multiplicity of errors by counsel as set forth [in Claims 1 and 2 above].

On October 20, 2003, this court conducted an initial review of Mr. Newton's motion to vacate, set aside, or correct sentence and ordered the respondent to file an answer. On December 15, 2003, the respondent filed a resistance to Mr. Newton's motion to vacate, set aside, or correct sentence. Mr. Newton filed a memorandum on the applicability of Blakely v. Washington to his motion to vacate, set aside, or correct sentence on July 23, 2004 (docket number 79). In his memorandum, Mr. Newton argues that (1) the court can and should retroactively apply the holding of Blakely v. Washington to his case; (2) pursuant to Blakely v. Washington and Apprendi v. New Jersey, Mr. Newton was denied due process of law and denied his Sixth Amendment rights to notice and a jury trial "by the increase in his sentence by facts not charged in [the] indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Newton."

## II. CONCLUSIONS OF LAW

### A. Standard Under 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 states in pertinent part:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Section 2255 is the statutory analogue of habeas corpus for persons in federal custody. Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987). "Like habeas itself, Section 2255 is not the equivalent of a direct appeal. There are many claims of error sufficiently grave and prejudicial to cause a reversal of conviction on direct appeal, but yet not fundamental enough to support a collateral attack" under § 2255. Poor Thunder, supra, at 821. Consequently, relief under § 2255 is reserved solely for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if [left] uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citing Poor Thunder, supra, at 821).

Ordinarily, the failure of a § 2255 movant to raise an issue on direct appeal acts to procedurally bar him from raising that issue for the first time in a motion pursuant to § 2255.[6] Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). More specifically, as a result of a § 2255 movant's failure to raise an issue on appeal, the circuit court "cannot review his claims on their merits unless [the movant] is able to demonstrate

---

[6] The rule of procedural default applies with equal force to an adjudication of guilt based on a defendant's plea of guilty as it does to a court or jury conviction. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992) (applying the rule of procedural default after the defendant's knowing and voluntary plea of guilty).

5

either [1] cause for his default and actual prejudice, or [2] that the failure to consider his claims would result in a fundamental miscarriage of justice." McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (citing Cole v. Thompson, 501 U.S. 722, 750 (1991)). The requirement of cause and prejudice means that a § 2255 movant "may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." Apfel, supra, at 1076 (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). The "fundamental miscarriage of justice" exception to procedural default is "only available to a [movant] who demonstrates 'that a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" McCall, supra, at 758. The rule of procedural default recognizes that the significant interest of finality in criminal cases retains strength only if the direct appeal remains the exclusive route for complaining of errors that demonstrate neither "a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." Id. at 821-22 (citing Johnson v. United States, 805 F.2d 1284, 1287 (7th Cir. 1986); (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Once a court has decided the merits of all of the movant's claims which are properly before it, and has further determined whether the remaining claims may be excused from procedural default based on cause and prejudice, the court may analyze, if relevant, whether the movant should alternatively be excused from procedural default under the fundamental miscarriage of justice exception based on a claim of actual innocence. See Dretke v. Haley, 124 S. Ct. 1847 (2004). The actual innocence exception to procedural default "applies only when a [movant] shows by clear and convincing that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty . . . [t]he exception only applies . . . to claims of factual innocence as opposed to legal innocence." Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Mr. Newton has not claimed that the actual innocence exception is applicable here.

6
Case 1:99-cr-00066-LRR   Document 82   Filed 12/03/04   Page 6 of 15

## B. Standard Regarding Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684 (1984).

> [T]he right to effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

Lockhart v. Fretwell, 506 U.S. 364 (1993) (quoting United States v. Cronic, 466 U.S. 648, 658 (1984)). A criminal defendant is also entitled to effective assistance of counsel on a first appeal as of right. Rogers v. United States, 1 F.3d 697, 700 (8th Cir. 1993); Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989).

Absent unusual circumstances, a § 2255 movant's demonstration of ineffective assistance of counsel satisfies the cause and prejudice standard of procedural default. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). However, in order to successfully demonstrate ineffective assistance of counsel within the context of § 2255, the movant faces a heavy burden. See Apfel, supra, at 1076. In the context of a motion under § 2255, a claim of ineffective assistance of counsel is to be analyzed under the two-part test set forth in Strickland v. Washington. Strickland v. Washington, 466 U.S. 668 (1984). The United States Supreme Court has reformulated the Strickland test for constitutionally ineffective assistance of counsel in Lockhart v. Fretwell, 506 U.S. 364 (1993), and the Eighth Circuit Court of Appeals has applied that test:

> Counsel is constitutionally ineffective under Fretwell when: (1) counsel's representation falls below an objective standard of reasonableness; and (2) the errors are so prejudicial that the adversarial balance between defense and prosecution is upset, and the verdict is rendered suspect.

English v. United States, 998 F.2d 609, 613 (8th Cir. 1993) (citing Lockhart, 506 U.S. at ___, 113 S. Ct. at 842-43). Review of trial counsel's performance is deferential and the presumption is that trial counsel was competent and effective. Strickland, supra, at 689;

Smith v. Lockhart, 921 F.2d 154, 156 (8th Cir. 1990). Reasonable trial strategy cannot rise to the level of ineffective assistance of counsel. Id. (citing Stacey v. Solem, 801 F.2d 1048, 1051 (8th Cir. 1986)). Counsel's strategic decisions "made after a thorough investigation of law and facts . . . are virtually unchallengeable," Strickland, supra, at 690, even if those strategic decisions prove unwise. Wing v. Sargent, 940 F.2d 379, 381 (8th Cir. 1988), cert denied, 489 U.S. 1088 (1989). Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another. Strickland, supra, at 693.

If a § 2255 movant fails to demonstrate ineffective assistance of counsel as cause for the procedural default and prejudice attributable thereto, he may not obtain review of his defaulted claim. See Wainright v. Sykes, 433 U.S. 72 (1977). In the context of ineffective assistance of counsel, "cause" for procedural default must ordinarily be demonstrated by showing that some objective factor external to the defense impeded counsel's efforts to comply with the applicable procedural rule or standard of conduct. See Smith v. Lockhart, 882 F.2d 331, 333 (8th Cir. 1989) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). "When counsel's conduct has impeded the [movant's] effort to bring a claim," such ineffective assistance of counsel constitutes "cause" for purposes of avoiding procedural default. See Id.

In addition to establishing "cause," a § 2255 movant must "shoulder the burden of showing, not merely that errors at his trial created a possibility of prejudice but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Where conduct has not prejudiced the movant, the court need not address the reasonableness of that conduct. Id. at 691; United States v. Williams, 994 F.2d 1287, 1291 (8th Cir. 1993). To determine whether there is prejudice, the court examines whether the result has been rendered "unreliable or fundamentally unfair" as the result of counsel's performance.

8
Case 1:99-cr-00066-LRR    Document 82    Filed 12/03/04    Page 8 of 15

Lockhart v. Fretwell, 506 U.S. 364 (1993); West v. United States, 994 F.2d 510, 513 (8th Cir. 1993). Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. Id. at 372; West v. United States, 994 F.2d 510, 513 (8th Cir. 1993) (quoting Fretwell). Prejudice does not exist unless "there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." Strickland, supra, at 694; Williams, 994 F.2d at 1291 (quoting Strickland).

### C. Mr. Newton's Arguments Under 28 U.S.C. § 2255

#### 1. Claim 1: Career Offender Sentence Enhancement

Mr. Newton first contends that his counsel was ineffective for failing to successfully challenge imposition of the career offender sentencing enhancement. Specifically, Mr. Newton contends that his counsel was ineffective by (1) failing to argue to the district court at sentencing that his case was distinguishable from the Eighth Circuit Court of Appeals' holding in United States v. Brown; (2) failing to cite the case of United States v. Casarez-Bravo at sentencing for the proposition that conviction for transportation of a controlled substance would not support a career offender enhancement; and (3) failing to point out to the district court at sentencing that all of the charges against Mr. Newton which would have supported a career offender enhancement had been either dismissed or rejected and as such, Mr. Newton did not have the requisite "convictions" for imposition of the career offender enhancement. Mr. Newton argues that had his counsel not failed to argue these three points at his sentencing hearing, the court would not have found Mr. Newton to be a career offender and would not have applied the career offender sentencing enhancement. The respondent argues that Claim 1 should be denied because it is procedurally barred as Mr. Newton has previously raised Claim 1 on direct appeal.

When a § 2255 movant has enjoyed a previous opportunity to present his claims to a federal appeals court, the court charged with reviewing the § 2255 motion presumes that the movant was fairly and finally convicted and must give respect to the prior judgment.

See United States v. Frady, 456 U.S. 152, 164-65 (1982). A § 2255 movant may not relitigate an issue where the same issue or essentially the same issue has previously been resolved against the movant on direct appeal. See Dall v. United States, 957 F.2d 571, 572-73 (8th Cir. 1992). Under this "law of the case" doctrine, a prior decision by an appellate court on a fairly presented issue, even if erroneous, will preclude reconsideration of that issue in a § 2255 motion except where necessary to "prevent a manifest injustice." See United States v. Serpa, 930 F.2d 639, 640 (8th Cir. 1991). The court finds that Mr. Newton's argument that he should not have been found to be a career offender was fully and fairly presented to the Eighth Circuit Court of Appeals.[7] Accordingly, the court further finds that reconsideration of Claim 1 is not necessary to prevent a manifest injustice because in addition to having been previously litigated, the court finds that the Claim 1 is without merit.

## 2. Claim 2: Acceptance of Responsibility

Mr. Newton next contends that his counsel was ineffective for failing to acquire a downward sentencing departure for acceptance of responsibility. Specifically, Mr. Newton contends that his counsel was ineffective in (1) failing to advise him to proceed to a bench trial on stipulated facts in an effort to preserve an acceptance of responsibility downward sentencing adjustment at sentencing; (2) failing to advise him that he could obtain appellate review of the denial of his motion to suppress while still obtaining a reduction in his sentence for acceptance of responsibility; and (3) failing to advise him that if he proceeded to a bench trial on stipulated facts he would not waive his right to raise any defenses at sentencing.

The respondent argues that Claim 2 has no merit because (1) Mr. Newton was given notice that the government would be seeking enhanced penalties and would be filing an 851 enhancement and thus could have pleaded "straight up" between September of 1999 and

---

[7] See United States v. Newton, 259 F.3d 964 (8th Cir. 2001).

April 14, 2000, the date on which the 851 enhancement notice was filed; (2) Mr. Newton thoroughly contemplated pleading guilty and decided that because the plea negotiations "never reached fruition" there was "no advantage" to pleading guilty, which constitutes a tactical decision well within the range of competent representation;[8] and (3) Mr. Newton suffered no prejudice because even if he had received a reduction in sentence for acceptance of responsibility, which is purely speculative, he "would have been sentenced at a level 32 which carries a sentencing range of 210 to 262 months . . . [and] the range would have been 240 to 262 months . . . thus [Mr. Newton] could have received the same sentence [as he actually received] of 262 months, but . . . would never have been able to go below the twenty year sentence."

Mr. Newton failed to present Claim 2 to the Eighth Circuit Court of Appeals for exhaustion. Therefore, he must demonstrate cause for the procedural default and prejudice attributable thereto in order to now obtain review of his defaulted claims. Wainright v. Sykes, 433 U.S. 72 (1977). Mr. Newton asserts that Claim 2 should be excused from procedural default on the basis of his receiving ineffective assistance of counsel.

The court finds that Claim 2 is without merit. First, Mr. Newton's argument that if he had proceeded to a bench trial on stipulated facts he would have received a downward sentencing adjustment for acceptance of responsibility is purely speculative. While it is clear that a district court has the discretion to reduce a defendant's offense level if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, it is not at all clear that Mr. Newton would have

---

[8] Specifically, Mr. Newton's counsel stated at sentencing:
> We couldn't plead straight up with the 851. We saw no advantage to doing that. Had [the government] agreed to dismiss the 851, we would have considered it. . . . Number 1, he wouldn't--the only way they dismissed those things is if he became a snitch for the Government, and this man will not do that. . . . So I respect his morals on that issue, and he couldn't plead straight up with the 851.

11

fulfilled such requirements to the satisfaction of the court during a bench trial on stipulated facts, and even if he had, the court would not have been in any way bound to grant a downward departure for acceptance of responsibility. See United States v. Trupiano, 11 F.3d 769, 775 (8th Cir. 1993). Mr. Newton's claim that the adjustment for acceptance of responsibility somehow depends on the trier of fact (judge or jury) is obviously unique and unprecedented.

Moreover, the court finds that Mr. Newton did not suffer prejudice from his counsel's failure to advise him as to proceeding to a bench trial rather than a jury trial as a reduction in sentence for acceptance of responsibility is not a "right" to which Mr. Newton was entitled. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. Id. at 372; West v. United States, 994 F.2d 510, 513 (8th Cir. 1993) (quoting Fretwell). Additionally, Mr. Newton did not suffer prejudice from his counsel's failure to advise him to proceed to a bench trial on stipulated facts because even if Mr. Newton had been eligible for a downward departure for acceptance of responsibility, his sentencing range would have encompassed the sentence which he ultimately received. Because the court concludes that Claim 2 is without merit, Mr. Newton's counsel had no duty to raise the claim at his trial, at sentencing, or on appeal. Ultimately, Mr. Newton in Claim 2 essentially urges this court to overturn the district court's denial of a downward sentencing adjustment for acceptance of responsibility.[9] The court finds no reason to do

---

[9] In determining that Mr. Newton was not entitled to a downward sentencing adjustment for acceptance of responsibility, the sentencing court noted:
> Well, [Mr. Newton] certainly has a right to assert his . . . constitutional rights, but I don't think that Mr. Newton had done anything up to this point to accept responsibility for this crime. And the fact that he couldn't come up with a plea agreement that-that would have resulted in the Government giving up a right to which they were entitled I don't think is

(continued…)

12
Case 1:99-cr-00066-LRR   Document 82   Filed 12/03/04   Page 12 of 15

so. The court finds, therefore, that Claim 2 is procedurally defaulted. See Williams, supra, at 1291.

### 3. Claim 3: Cumulative Error

Mr. Newton next contends that he was denied effective assistance of counsel based on the culmination of errors made by his counsel as set forth in Claims 1 and 2. Specifically, Mr. Newton contends that the failures alleged in Claims 1 and 2 amounted to cumulative error which resulted in his receiving ineffective assistance of counsel. The Eighth Circuit Court of Appeals has held that the Harris v. Housewright cumulative error test, in which the court undertakes to analyze whether "when viewed cumulatively, the multiple errors reviewed in the record . . . demonstrate that counsel's total performance was inadequate," has been overruled by Fink v. Lockhart, 823 F.2d 204 (8th Cir. 1987). Girtman v. Lockhart, 942 F.2d 468, 474-75 (8th Cir. 1991) (holding that the cumulative impact of defense counsel's alleged errors could not be considered in determining effective assistance). While Girtman and Fink were decided within the context of claims pursuant to § 2254, the Eighth Circuit has also held more broadly that errors which are not unconstitutional individually cannot be added together to create a constitutional violation. Wainright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996) (citing United States v. Stewart, 20 F.3d 911, 917-18 (8th Cir. 1994)). Accordingly, the court finds that Mr. Newton's claim of cumulative error should be denied.

### 4. Applicability of Apprendi and Blakely

In his July 23, 2004 memorandum on the applicability of Blakely v. Washington to his motion to vacate, set aside, or correct sentence, Mr. Newton argues that the court can and should retroactively apply the holding of Blakely v. Washington to his § 2255 motion,

---

[9](…continued)
  grounds for acceptance of responsibility. Mr. Newton certainly had the ability to plead straight up. . . .

and that pursuant to Blakely and Apprendi, he was denied due process of law because his sentence was increased based on facts not found by a jury beyond a reasonable doubt nor admitted by Mr. Newton.

In Blakely v. Washington, 124 S. Ct. 2531 (2004), the Supreme Court held unconstitutional a judicially imposed "exceptional sentence" under Washington state law, thereby revisiting the rule in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." The Blakely court, however, did not invalidate the Federal Sentencing Guidelines. Blakely, supra, at 2539 n.9. Certiorari has subsequently been granted in two cases involving Blakely and the Federal Sentencing Guidelines. See United States v. Booker 73 U.S.L.W. 3073 (No. 04-104) and United States v. Fanfan, 73 U.S.L.W. 3073 (No. 04-105). Oral arguments were heard in these cases on October 4, 2004. To date, however, the Supreme Court has held neither that Blakely invalidates the Federal Sentencing Guidelines nor that such a decision would be applied retroactively. Absent such a decision, Mr. Newton's contention that Blakely should be applied to his § 2255 motion is meritless or at least premature. Until the Supreme Court rules in the Booker and Fanfan cases, the court defers ruling on Mr. Newton's memorandum of applicability in regard to Blakely. In regard to Mr. Newton's argument regarding the applicability of Apprendi v. New Jersey to his motion to vacate, set aside, or correct sentence, the Eighth Circuit has clearly held that Apprendi may not be applied retroactively on collateral review to initial § 2255 petitions, such as Mr. Newton's. Murphy v. United States, 268 F.3d 599, 601 (8th Cir. 2001) ("Apprendi may not be applied retroactively to initial Section 2255 petitions.") Accordingly, the court denies Mr. Newton's claim that Apprendi applies to his sentence as meritless.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[10] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that Mr. Newton's motion to vacate, set aside, or correct sentence be denied.

December 3, 2004.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system: 12/3/04-de

---

[10]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.