**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| GREGORY LEE NEWTON, | |
| Petitioner-Defendant, | No. C 02-0148 LRR |
| vs. | No. CR 99-0066 LRR |
| UNITED STATES OF AMERICA, | **ORDER** |
| Respondent-Plaintiff. | |

---

TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  STANDARD FOR REVIEWING REPORT AND RECOMMENDATION  . . . 4

IV.   LEGAL ANALYSIS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      A. Objection to Conclusion of Law that Claim 1 is Meritless  . . . . . . . . . . . 7
      B. Objection to Conclusion of Law that Claim 2 is Procedurally Defaulted  . .  13
      C. Objection to Conclusions of Law Regarding *Apprendi* and *Blakely* . . . . . .  15
      D. Objection to Report and Recommendation in Its Entirety  . . . . . . . . . . .  22

V.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

## *I. INTRODUCTION*

The matters before the court are Petitioner-Defendant Gregory Lee Newton's Objections to the Magistrate Report and Recommendation (docket no. 84) filed in response to Chief Magistrate Judge John A. Jarvey's Report and Recommendation (docket no. 82) in which he recommends denying Newton's Motion to Vacate Sentence Pursuant to

28 U.S.C. § 2255 ("§ 2255 Motion") (docket no. 72).

## II. PROCEDURAL BACKGROUND

On September 28, 1999, the grand jury returned a two-count Indictment against Newton. Count 1 charged Newton with knowingly and intentionally possessing with the intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, on or about September 3, 1999, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Count 2 charged Newton with knowingly and intentionally possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance—the conduct charged in Count 1—after his convictions for two felony drug offenses had become final, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851.

Newton's jury trial commenced on April 18, 2000, and concluded April 19, 2000.[1] On April 19, 2000, the jury returned a verdict of guilty "[a]s to Count 1, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine." Verdict Form at 1. Newton's counsel filed a Motion for New Trial (docket no. 55) arguing that, under the United States Supreme Court's June 26, 2000 opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the government had to plead and prove all elements of this offense, including drug quantity. The court denied the Motion for New Trial. On August 25, 2000, the court held Newton's sentencing hearing and sentenced him to 262 months of imprisonment, to be followed by six years of supervised

---

[1] The Honorable Michael J. Melloy presided over this criminal trial in the United States District Court for the Northern District of Iowa. Judge Melloy has since been elevated to the United States Court of Appeals for the Eighth Circuit. Attorney Timothy F. McCarthy II represented Newton through his trial, sentencing, and appeal of this criminal matter.

release, and ordered him to pay a $100 special assessment.

Newton filed a timely notice of appeal on August 30, 2000. On appeal, Newton argued the district court committed three errors: (i) the court should not have denied his motion to suppress evidence because he did not voluntarily consent to the September 3, 1999 search; (ii) the admission of Dennis Boyer's testimony at trial violated the Jencks Act; and (iii) the court should not have found he was a career offender under the United States Sentencing Guidelines ("USSG"). On August 9, 2001, the United States Court of Appeals for the Eighth Circuit affirmed Newton's conviction, deciding each of the three challenged errors against him. *United States v. Newton*, 259 F.3d 964 (8th Cir. 2001). On September 20, 2001, the Eighth Circuit Court of Appeals denied Newton's petition for a rehearing and for a rehearing *en banc*. *United States v. Newton*, No. 00-3123, 2001 U.S. App. LEXIS 24895, at *1 (8th Cir. Sept. 20, 2001) (unpublished). Newton did not file a petition for a writ of certiorari with the United States Supreme Court.

On October 11, 2002, Newton timely filed the § 2255 Motion (docket no. 72) under consideration here. In his § 2255 Motion, Newton makes three claims. In Claim 1, Newton argues he received ineffective assistance of counsel because his attorney did not adequately argue case law allegedly relevant to the application of the career offender sentencing enhancement. In Claim 2, Newton argues he received ineffective assistance of counsel because his attorney did not advise him of the possibility of proceeding to a bench trial on stipulated facts. In Claim 3, Newton argues he received ineffective assistance of counsel because of the multiplicity of errors by counsel as alleged in Claims 1 and 2.

On October 20, 2003, the court conducted an initial review of the § 2255 Motion and ordered the government to respond to the § 2255 Motion by December 17, 2003, and Newton to reply to the government's response, if he so chose, by January 7, 2004. On December 15, 2003, the government filed its resistance to Newton's § 2255 Motion

(docket no. 75). Newton did not reply to the government's response. On July 23, 2004, Newton filed a Memorandum on Applicability of *Blakely v. Washington* ("Memorandum") (docket no. 79).

On September 17, 2004, pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the case to Chief Magistrate Judge Jarvey for issuance of a report and recommendation. Chief Magistrate Judge Jarvey filed his Report and Recommendation on December 3, 2004 (the "Report and Recommendation") (docket no. 82). On December 16, 2004, Newton timely filed his Objections to the Magistrate Report and Recommendation (docket no. 83).[2]

Newton moves the court to grant him hearings on both his § 2255 Motion and his Memorandum. A district court may consider and dismiss a motion pursuant to 28 U.S.C. § 2255 ("§ 2255") without a hearing, even if the petitioner requests one, "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998); *see also* § 2255 Rule 8. The court finds the legal issues involved in these filings do not require an evidentiary hearing. Finding the record to be fully submitted, the court now addresses the § 2255 Motion.

## III. STANDARD FOR REVIEWING REPORT AND RECOMMENDATION

A magistrate judge may perform any duties imposed upon the district court by § 2255 consistent with the authority granted magistrate judges pursuant to 28 U.S.C. § 636. § 2255 Rule 10. Congress has provided that this court may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition . . .

---

[2] The court notes that Newton's Obj. to the Magistrate Report & Recommendation received before the December 17, 2004 deadline for objections was not signed. The Clerk of Court received a second, signed filing on December 20, 2004 (docket no. 84).

of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B). The district court judge is required to make a de novo determination of those portions of the magistrate judge's report or recommendation to which the movant makes specific objections. 28 U.S.C. § 636(b)(1). The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Newton has made specific, timely objections to Chief Magistrate Judge Jarvey's Report and Recommendation. Newton objects to the following four aspects of the Report and Recommendation: (1) the conclusion of law that his claim of ineffective assistance of counsel due to failure of counsel to make certain arguments at sentencing is barred because the claim was raised on direct appeal; (2) the conclusion of law that he suffered no prejudice from his counsel's failure to advise him of the benefits of proceeding to a bench trial rather than a jury trial; (3) the conclusion of law that *Apprendi*, 530 U.S. at 466, is not retroactive to initial § 2255 motions; and (4) the findings of fact and conclusions of law in the Report and Recommendation that are inconsistent with Newton's

allegations and arguments in his § 2255 Motion, the evidence, and arguments in his "traverse" on file with the court.

Therefore, de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1).

## IV. LEGAL ANALYSIS

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence pursuant to § 2255 on the ground or grounds he was convicted or sentenced in violation of federal law. To obtain relief pursuant to § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing § 2255).

Although it appears to be broad, § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear

a motion pursuant to § 2255 will not be allowed to do service for an appeal). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (quoting *Addonizio*, 442 U.S. at 184).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him. . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623; *see also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").

### A. Objection to Conclusion of Law that Claim 1 is Meritless

Newton objects to the conclusion of law that Claim 1—Newton received ineffective assistance of counsel because his attorney did not adequately argue against the application of the career offender sentencing enhancement—is procedurally barred. Specifically, Newton argues Chief Magistrate Judge Jarvey should have reached a legal conclusion as to whether or not, if he had not had ineffective assistance of counsel on direct appeal, the Eighth Circuit Court of Appeals would have affirmed the enhancement. Instead, Chief

Magistrate Judge Jarvey concluded that Newton was procedurally barred from collaterally challenging the court's imposition of the career offender enhancement because the Eighth Circuit Court of Appeals affirmed the imposition of such enhancement when Newton challenged it on direct appeal.

In his § 2255, Newton argued he received ineffective assistance of counsel by the failure of his counsel to make certain legal arguments regarding whether the career offender sentencing enhancement applied in his case. The court agrees with Newton that the argument he was denied effective assistance of counsel by his attorney's failure to make certain legal arguments was not addressed in the Report & Recommendation. Newton's claim that he received ineffective assistance of counsel is not procedurally barred. *See United States v. Staples*, ____ F.3d ____, No. 04-1010, 2005 U.S. App. LEXIS 11036, *1, *7 (8th Cir. June 13, 2005) ("Because ineffective-assistance-of-counsel claims often encompass facts outside of the district court record, they are typically best raised collaterally via motions filed under [§ 2255]."). The Report and Recommendation should have undergone further legal analysis to determine whether Newton had ineffective assistance of counsel because his counsel failed to make certain legal arguments against the imposition of the career offender sentencing enhancement. Therefore, the court does not adopt Part II.C.1. of the Report and Recommendation. Pursuant to the legal analysis which follows, however, the court finds Newton's Claim 1 is meritless.

Claim 1 of Newton's § 2255 Motion argues Newton received ineffective assistance of counsel where defense counsel failed to make certain specific legal arguments with regards to the sentencing court's application of the career offender enhancement in determining Newton's offense level. Specifically, Newton argues his counsel should have distinguished *United States v. Brown*, 903 F.2d 540 (8th Cir. 1990), from his own case on the basis that the USSG § 4B1.2(2)—defining "controlled substance offense" for purposes

of the career offender enhancement provided for in USSG § 4B1.1—applicable to the defendant in *Brown* was not applicable to him. *See* 903 F.2d at 543 n.6 (noting significant amendment to USSG § 4B1.2(2) effective November 1, 1989, was not applicable to the defendant Brown because he was sentenced prior to the amendment's effective date). Newton also argues his counsel provided ineffective assistance when he failed to cite precedent of other circuits militating against applying the career offender enhancement in Newton's case. Newton argues that, had his counsel made these arguments, his February 23, 1993 conviction for transportation of a controlled substance (the "1993 conviction") would not have been used by the sentencing court to determine the career offender enhancement applied. *See* Cal. Health & Safety Code § 11379(a) (1993) (criminalizing the transporting, importing into the state, selling, furnishing, administering, and giving away, inter alia, controlled substances).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. Furthermore, criminal defendants have a constitutional right to effective assistance of counsel in their first appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963). The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair

trial, a trial whose result is reliable.

*Id.* at 687; *see also United States v. Thammavong*, 378 F.3d 770, 772 (8th Cir. 2004) (reasserting *Strickland* standard where the defendant argued he was denied his right to effective assistance of counsel because his counsel failed to pursue safety-valve eligibility at the defendant's sentencing) (citing *Strickland*, 466 U.S. at 687); *Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003) (same because the defendant's counsel failed to argue the court improperly aggregated controlled substances at sentencing, subjecting the defendant to a higher statutory penalty range) (citing *Strickland*, 466 U.S. at 690, 694); *Williams v. Taylor*, 529 U.S. 362, 390 (2000) (reasserting *Strickland* standard).  Thus, *Strickland* requires a showing of both deficient performance and prejudice.

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.  There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting *Strickland*, 466 U.S. at 689); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (giving attorneys broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694).  In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice:

It is not enough for the defendant to show that the errors had

> some conceivable effect on the outcome of the proceeding.
> Virtually every act or omission of counsel would meet that
> test, and not every error that conceivably could have
> influenced the outcome undermines the reliability of the result
> of the proceeding.

*Strickland*, 466 U.S. at 693; *see also Williams v. Taylor*, 529 U.S. at 394-95 (citing this passage inter alia from *Strickland* as "the correct standard"). Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Williams v. Taylor*, 529 U.S. at 394-95 (citing this passage inter alia from *Strickland* as "the correct standard"). "To show that he was prejudiced by deficient performance of counsel, [the movant] must establish that counsel's conduct rendered the result of the proceeding unreliable." *Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). "A necessary condition for establishing prejudice is to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996)) (internal quotation marks omitted). Furthermore, to prove prejudice, the movant must demonstrate his counsel "deprived him of some substantive or procedural right to which the law entitled him." *Williams*, 529 U.S. at 392-93, 393 n.17 (quoting *Fretwell*, 506 U.S. at 372); *see also West v. United States*, 994 F.2d 510, 513 (8th Cir. 1993) (quoting *Fretwell*, 506 U.S. at 372).

However, "a court deciding an ineffective assistance claim need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir. 2003) (citing *Strickland*, 466 U.S. at

697). "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

In applying the two-prong *Strickland* test, the court finds no prejudice. *See id.* (stating the court need not consider the "deficient performance" prong of the *Strickland* test if the movant cannot satisfy the "prejudice" prong). The essence of Newton's Claim 1 is that his counsel made the wrong legal arguments. Specifically, Newton argues his counsel should have done more to emphasize (i) the similarities of the facts of his case to the facts in *United States v. Casarez-Bravo*, 181 F.3d 1074 (9th Cir. 1999); and (ii) the differences between the law applicable to him and the law at issue in the Eighth Circuit Court of Appeal's decision in *Brown*. Newton rightly identifies that the version of USSG § 4B1.2(2) in *Brown* is not the version applicable in his case.

After a careful reading of the Eighth Circuit Court of Appeal's decision affirming the application of the career offender enhancement in Newton's direct appeal, *Newton*, 259 F.3d at 964, it is clear that the legal arguments proposed by Newton would not have been successful and Newton suffered no prejudice by the alleged omissions of his counsel at the sentencing hearing or in the direct appeal. The court in *Newton* did not rely upon the holding in *Brown* which interpreted a version of USSG § 4B1.2(2) that is inapplicable to Newton. *Brown*, 903 F.2d at 543 n.6. Instead, the panel in *Newton* looked to "Newton's presentence investigation report containing uncontested facts [regarding the 1993 conviction] indicating that Newton [had been] attempting to sell two ounces of methamphetamine for $1,600 to use the proceeds to buy a half pound of methamphetamine for $2,800." 259 F.3d at 968. Therefore, the Eighth Circuit Court of Appeals panel in *Newton* affirmed the district court's reliance upon uncontested facts in the presentence

investigation report that proved, in fact, the 1993 conviction did involve a "state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2 (1997). The court finds, even if Newton's counsel made the alleged errors in his use of precedent of the Courts of Appeals for the Eighth and Ninth Circuits, the result of the proceedings would not have been different.

Therefore, the court rejects Claim 1 of Newton's § 2255 Motion.

### B. *Objection to Conclusion of Law that Claim 2 is Procedurally Defaulted*

Newton objects to the conclusion of law that Claim 2—Newton received ineffective assistance of counsel because his attorney did not advise him of the possibility of proceeding to a bench trial on stipulated facts—fails because such claim was procedurally defaulted. Newton makes three specific objections. First, Newton challenges the conclusion of law that he had no "right" to a downward sentencing adjustment for acceptance of responsibility. Second, Newton challenges the conclusion of law that he suffered no prejudice because the sentencing court could have imposed the same sentence even if he had proceeded to a bench trial on stipulated facts and was given the downward departure for acceptance of responsibility. Third, Newton argues the record does not conclusively refute his claim that he proceeded to a jury trial without constitutionally adequate advice.

The court discussed the law applicable to an ineffective assistance of counsel claim in Part IV.A. *supra*. Newton's arguments against the conclusion of law that Claim 2 fails are unpersuasive because Newton cannot meet the prejudice prong of the *Strickland* test. *See Whitehead*, 340 F.3d at 537 (stating the court may address only the "prejudice" prong of the *Strickland* test if the movant cannot satisfy that prong). As the Report and

Recommendation states, Newton makes no showing that there is a reasonable probability that, but for his counsel's alleged error, the result of the proceeding would have been different. *See Becht*, 403 F.3d at 546. Newton does not argue that he would have been acquitted had he proceeded to a bench trial on stipulated facts. Furthermore, as Chief Magistrate Judge Jarvey noted, Newton's actual sentence is within the sentencing range that would have applied had the sentencing court decided to grant him a two-level reduction in his sentence for accepting responsibility.

Instead, Newton argues he has a right to a downward sentencing adjustment for acceptance of responsibility such that his counsel should have thought of every possible strategy to attain an acceptance of responsibility adjustment. The court notes a defendant does not have a "right" to a downward departure for acceptance of responsibility, even if the defendant enters a guilty plea. *United States v. Lublin*, 981 F.2d 367, 370 (8th Cir. 1992) (quoting USSG § 3E1.1, cmt. n.3 (1992)); USSG § 3E1.1 (1992) (authorizing a district court to use its discretion to decrease a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for [the] offense"). To prove prejudice, the movant must demonstrate his counsel "deprived him of some substantive or procedural right to which the law entitled him." *Williams*, 529 U.S. at 392-93, 393 n.17 (quoting *Fretwell*, 506 U.S. at 372); *see also West,* 994 F.2d at 513 (quoting *Fretwell*, 506 U.S. at 372). The *Strickland* test for ineffective assistance of counsel cannot be met because Newton was not deprived of a substantive or procedural right to which the law entitled him. *See Williams*, 529 U.S. at 392-93; *Fretwell*, 506 U.S. at 372. Therefore, Newton's arguments do not show "a reasonable probability that, but for counsel's [assumed] unprofessional errors, the result of the proceeding would have been different." *See Becht*, 403 F.3d at 546 (citation omitted).

As to his third argument that his factual allegations "stand completely and totally

unrebutted," the court finds such argument meritless. The government did not contest Newton's factual allegations; instead the government argues Newton is entitled to no relief on the facts he alleges. Furthermore, Newton's objections to the Report and Recommendation are arguments of law and not of fact. The court finds Newton is not entitled to an evidentiary hearing because, even if the court accepts Newton's allegations as true, the law does not entitle him to the requested relief. *See* § 2255 Rule 8; *Delgado*, 162 F.3d at 983.

Therefore, the court deems it appropriate to overrule Newton's objection to this aspect of the Report and Recommendation.

### C. Objection to Conclusions of Law Regarding Apprendi and Blakely

In the July 23, 2004 Memorandum, Newton claims the court should grant him relief from his sentence on grounds or for reasons in addition to those argued in his § 2255 Motion. Newton argues he is entitled to be re-sentenced pursuant to *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), because he was denied due process of law and his right to trial by jury because his sentence was increased based upon facts not charged in an indictment and not found by a jury beyond a reasonable doubt or admitted by him. The logic of Newton's argument proceeds as follows: Newton's sentence was not final within the meaning of *Clay v. United States*, 537 U.S. 522 (2003), at the time of the Court's decision in *Apprendi*, 530 U.S. at 466. *Apprendi* dictated the rule announced in *Blakely*, 124 S. Ct. at 2531, and therefore *Blakely* was not a new rule of law subject to retroactivity analysis under *Teague v. Lane*, 489 U.S. 288 (1989). Newton therefore concludes he is entitled to have the court apply the rule announced in *Blakely* to his case.

The Memorandum was filed within one month following the Supreme Court's decision in *Blakely*, but it was filed more than one year and eight months following the

15

filing of Newton's § 2255 Motion and is not a reply in substance or timeliness to the government's Resistance to Newton's Motion Under 28 U.S.C. § 2255. The government did not file a resistance to the Memorandum.

All claims of a defendant that may be made pursuant to § 2255 must be timely brought. 28 U.S.C. § 2255 para. 6.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The Eighth Circuit Court of Appeals denied Newton's petition for rehearing and rehearing en banc on September 20, 2001. *Newton*, 2001 U.S. App. LEXIS 24895, at *1. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay*, 537 U.S. at 532. If a party seeking review by the Supreme Court filed a petition for rehearing with the lower court, the party has ninety days from the date of the denial of the petition for rehearing to file a petition for a writ of certiorari. Sup. Ct. R. 13(1), (3). Because subsections (2) through (4) do not

apply to the present case, Newton had through December 19, 2002, to file claims pursuant to 28 U.S.C. § 2255. Newton's October 11, 2002 § 2255 Motion falls within the one-year period of limitation of 28 U.S.C. §2255. The Memorandum does not. The court finds the Memorandum was not timely.

Claims not made in an original § 2255 motion are precluded unless permitted as a second or subsequent motion pursuant to § 2255, or as an amendment to the initial pleading. *Mandacina v. United States*, 328 F.3d 995, 999 (8th Cir. 2003) (per curiam) (affirming district court's dismissal as untimely claims filed after the original § 2255 motion). First, a second or successive motion pursuant to § 2255 can only be filed with the district court if "a panel of the appropriate court of appeals" has certified it as provided by 28 U.S.C. § 2244. 28 U.S.C. § 2255. No such certification of this Memorandum has occurred.

Second, Rule 15 of the Federal Rules of Civil Procedure[3] ("Rule 15") provides limited opportunities for a petitioner to amend a pleading in a civil action. Fed. R. Civ. P. 15(a). One such opportunity is afforded by the "relation back doctrine." The relation back doctrine permits a petitioner to amend a pleading out of time if the amendment "relates back" to the original pleading. *Mandacina*, 328 F.3d at 1002. Rule 15(c) specifies certain instances where an amendment to a pleading "relates back" to the original pleading. "An amendment to a pleading shall 'relate back' to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." *Id.* at 1000 (quoting *Craycraft*, 167 F.3d at 457 (in turn citing Fed. R. Civ. P. 15(c)(2))). "The

---

[3] "Habeas proceedings are civil in nature; therefore, the Federal Rules of Civil Procedure apply." *Mandacina*, 328 F.3d at 1000 n.3 (citing *United States v. Craycraft*, 167 F.3d 451, 457 n.6 (8th Cir. 1999)).

rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id.* (quoting *Craycraft*, 167 F.3d at 457) (internal quotation marks omitted). Therefore, if the claim raised in Newton's Memorandum can be said to have arisen out of the same set of facts as Newton's timely claims, in this case his § 2255 Motion, it will relate back for purposes of deeming the claim timely filed. *See id.*

Newton asserts that the omission of jury instructions defining "mixture" or "foreseeability" warrant his requested relief pursuant to *Blakely*. Memorandum at 5. The omission of such jury instruction—or indeed of any jury instruction—is nowhere discussed in Newton's § 2255 Motion. Therefore, the claim raised in the Memorandum does not relate back to the § 2255 Motion. *See Mandacina*, 328 F.3d at 1002 (affirming district court under abuse of discretion standard where district court found ineffective assistance of counsel claim in amendment did not relate back to original pleading despite the original pleading making ten different ineffective assistance of counsel claims). The court finds the claim is precluded. Therefore, the court dismisses Newton's July 23, 2004 Memorandum as untimely.

Even if the court found no procedural impropriety, Newton's objections to the Report and Recommendation's conclusions of law that neither *Blakely* nor *Apprendi* apply to Newton's sentence have no merit. In Part II.C.4. of the Report and Recommendation, Chief Magistrate Judge Jarvey made two conclusions of law with regard to the Memorandum. First, Eighth Circuit Court of Appeals precedent makes it clear that *Apprendi* may not be applied retroactively on collateral review. *United States v. Moss*, 252 F.3d 993, 995 (8th Cir. 2001). Therefore, *Apprendi* cannot be applied to Newton's sentence on collateral review. Second, because *Blakely* expressly stated it does not address the USSG, Chief Magistrate Judge Jarvey found Newton's argument for applying *Blakely*

"meritless or at least premature," and therefore reserved ruling on the argument.

First, Newton objects to the conclusion of law that *Apprendi*, 530 U.S. at 466, is not retroactively applicable on collateral review. Newton argues that *Apprendi* can retroactively apply to his sentence on collateral review because his case was not final prior to June 26, 2000, the date the Supreme Court handed down *Apprendi*. Newton cites a case from a district court in the Seventh Circuit, *United States v. Gholson*, No. 96 CR 553, 02 C 6988, 2003 U.S. Dist. LEXIS 10914, at *1 (N.D. Ill. June 26, 2003), and a case from a district court in the Tenth Circuit, *United States v. Hollis*, 191 F. Supp. 1257 (D. Kan. 2002), as supporting a legal conclusion that *Blakely* should apply to his case through *Apprendi* because *Apprendi* can be retroactively applied to his sentence as his case was not final prior to the Court's decision in *Apprendi*.

Leaving aside the issue that such district court cases have no precedential value for this court, neither district court case is applicable to Newton's claim. In both *Gholson* and *Hollis*, the district courts were considering whether the petitioners could seek relief from their sentence pursuant to § 2255 where their trial and appellate counsel failed to object to sentences which used facts found by a judge to enhance the sentence above the statutory maximum after, and in violation of, the Court's holding in *Apprendi*. *Gholson*, 2003 U.S. Dist. LEXIS 10914, at *22 (assuming deficient performance under the first prong of the *Strickland* test where counsel on direct appeal failed to argue petitioners were sentenced in violation of *Apprendi*); *Hollis*, 191 F. Supp. 2d at 1266 (same where counsel failed to amend the petitioner's petition to Supreme Court for a writ of certiorari where sentence obviously violated *Apprendi*). In other words, the district courts in *Gholson* and *Hollis* were allowing the petitioners to protest that their sentences were determined in violation of *Apprendi*.

This court notes Newton made, prior to his sentencing, the legal argument that the

Supreme Court's holding in *Apprendi* prevented the court from using facts not proven to a jury beyond a reasonable doubt to determine the maximum statutory sentence. *See* Def. Mot. to Correct the Presentence Investigation Report Pursuant to Rule 32 of the Federal Rules of Criminal Procedure at 2-3:

> That the June 26, 2000, decision of the United States Supreme Court in *Apprendi v. New Jersey* should be applied in this case. Any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be admitted to a jury and proved beyond a reasonable doubt. *Apprendi*, page 7-31.

*Id.*; Def. Mot. for New Trial at 1-2 (arguing the judge could not make factual finding as to quantity of drugs at issue in the case because such fact must have been proved to the jury beyond a reasonable doubt as an element of the offense following *Apprendi*). The record shows the sentencing judge decided the *Apprendi* issue in favor of Newton and announced a sentence consistent with *Apprendi*: he refused to rely upon a drug quantity amount since none was proved to the jury beyond a reasonable doubt. J. in a Criminal Case at 7 (citing *Apprendi* for sentencing Newton pursuant to 21 U.S.C. § 841(b)(1)(C)). The sentencing judge found the USSG imprisonment range to be from 262 to 327 months, and sentenced Newton to 262 months, the bottom of the USSG range and nearly nine years below the statutory maximum of thirty years. J. in a Criminal Case at 7; 21 U.S.C. § 841(b)(1)(C) (providing statutory maximum of thirty years of imprisonment where a defendant has a prior felony drug conviction and no specific quantity of Schedule II controlled substances was proven to the jury). Because the sentencing judge applied the rule announced in *Apprendi* to Newton's sentence, there is no argument that *Apprendi* should be retroactively applied in collateral review of his sentence.

The court understands that Newton advances this objection to this conclusion of law because Newton reasons that if *Apprendi*-based arguments are still available to him, then

a rule"dictated" by *Apprendi* also should be available to him. Newton's reasoning is flawed. Whether or not the court can apply legal rules announced in *Blakely* to Newton's sentence has nothing to do with which cases "dictated" *Blakely* and its progeny. Stated differently, even if the court assumes for argument's sake *Apprendi* "dictated" *Blakely*, that would mean the second prong of the retroactivity analysis announced in *Teague*, 489 U.S. at 288, is satisfied. That does not mean, as Newton argues, that he is allowed to benefit from every case subsequently decided that could be described as having been "dictated" by *Apprendi*. No legal authority gives Newton the right to benefit from every case dictated by every case decided during the period of time between Newton's Indictment and his conviction becoming final.

Second, the court finds Newton's reliance on *Blakely*, 542 U.S. at ___, 124 S. Ct. at 2531, to challenge his conviction and resulting sentence is unavailing. On January 12, 2005, in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), the Supreme Court addressed the impact of *Blakely* on the USSG. In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the USSG based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756 (applying its decisions in *Apprendi* and *Blakely* to the USSG). In addition, the Supreme Court, with respect to the appropriate remedy, instructed courts to apply *Booker* or its "holdings—both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act—to all cases on direct review." *Booker*, ___ U.S. at ___, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). Given such instruction, the court finds the Supreme Court does not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. *See Teague,* 489 U.S. at 307 (prohibiting the application of new rules of criminal procedure on collateral review, except

where the new rule places certain kinds of conduct beyond the power of the government to proscribe or requires the observance of procedures that are "implicit in the concept of ordered liberty").[4] Consequently, Newton's direct reliance on *Blakely* or indirect reliance on *Booker* is misplaced.

Therefore, the court deems it appropriate to overrule Newton's objections to this aspect of the Report and Recommendation.

### D. Objection to Report and Recommendation in Its Entirety

Newton objects that the findings of fact and conclusions of law in the Report and Recommendation are inconsistent with Newton's allegations and arguments in his § 2255 Motion, the evidence, and arguments in his "traverse" on file with the court. Newton explains: "To avoid prolixity, [he] restates and incorporates by reference each and every argument [made in his § 2255 Motion and July 23, 2004 Memorandum] as objections to the Magistrate Report & Recommendation." Obj. to the Magistrate Report & Recommendation at 25. This fourth objection does no more than restate the arguments considered by Chief Magistrate Judge Jarvey in the Report and Recommendation. The

---

[4] The court notes the Eighth Circuit Court of Appeals has not addressed whether *Booker* applies retroactively on collateral review. Nonetheless, a review of applicable case law indicates the consensus of circuit courts is that *Booker* does not apply retroactively on collateral review. *See, e.g., Lloyd v. United States*, ___ F.3d ___, No. 04-3549, 2005 U.S. App. LEXIS 8699, at *1 (3rd Cir. May 17, 2005); *Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *cf. In re Elwood*, No. 05-30269, 2005 U.S. App. LEXIS 7343 (5th Cir. Apr. 28, 2005) (denying permission to file a second or successive motion under § 2255); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (same).

court will not consider this objection because it is not specific. *See* 28 U.S.C. § 636(b)(1) (requiring the court to review de novo any portion of the report and recommendation to which a *specific* written objection has been made); Fed. R. Civ. P. 72 (same).

Therefore, the court deems it appropriate to overrule Newton's objection to this aspect of the Report and Recommendation.

## V. CONCLUSION

**IT IS HEREBY ORDERED**:

(1) Petitioner-Defendant Gregory Lee Newton's Objections to the Magistrate Report and Recommendation (docket no. 83, 84) are **OVERRULED**.

(2) The court **ADOPTS** in part and as modified herein Magistrate Judge Jarvey's Report and Recommendation (docket no. 82).

(3) Petitioner-Defendant Gregory Lee Newton's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 72) is **DENIED**.

**SO ORDERED.**

**DATED** this 20th day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA